**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW J. S.,**

                            **6:20-cv-1606**
                **Plaintiff,**        **(GLS)**

        **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter W. Antonowicz        PETER W. ANTONOWICZ,
148 West Dominick Street        ESQ.
Rome, NY 13440

**FOR THE DEFENDANT:**
HON. CARLA B. FREEDMAN        RONALD W. MAKAWA
United States Attorney        Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Anatoly Shnaider
Regional Chief Counsel
Office of Regional Counsel, Region II
625 JFK Building
15 New Sudbury Street
Boston, MA 02203

**Gary L. Sharpe**
**Senior District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiff Matthew J. S. challenges the Commissioner of Social Security's denial of Social Security Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Matthew's arguments, the Commissioner's decision is reversed and remanded.

### II.  **Background**

Matthew applied for DIB on October 15, 2018, alleging a disability beginning on May 12, 2018.  (Tr.[1] at 98-99, 186-92.)  When his application was denied, (Tr. at 116-20), he requested a hearing before an Administrative Law Judge (ALJ), (Tr. at 128), which was held on December 27, 2019, (Tr. at 52-85).  On January 28, 2020, the ALJ issued a decision denying Matthews's claims for DIB benefits, (Tr. at 7-32), which became the Commissioner's final determination upon the Appeals Council's denial of review, (Tr. at 1-6).

_____

[1]  Page references preceded by "Tr." are to the administrative transcript.  (Dkt. No. 8.)

2

Matthew commenced the present action on December 23, 2020 by filing his complaint, wherein he seeks review of the Commissioner's determination. (Compl.) Thereafter, the Commissioner filed a certified copy of the administrative transcript. (Dkt. No. 8.) Each party filed a brief seeking judgment on the pleadings. (Dkt. Nos. 9, 15.)

## III. <u>Contentions</u>

Matthew argues that: (1) the ALJ failed to properly consider statements from his wife and his physical therapist, Judith Rosinski; (2) the ALJ improperly accorded persuasiveness to the medical opinions; and (3) the ALJ improperly evaluated Matthew's credibility. (Dkt. No. 9 at 1.) The Commissioner counters that Matthew has failed to demonstrate any error in the ALJ's findings and that the ALJ's findings are supported by substantial evidence.[2] (Dkt. No. 15 at 4-17.)

## IV. <u>Facts</u>

The court adopts the parties' factual recitations to the extent they are consistent with the statement of facts contained in the ALJ's decision and supported by the medical record. (Tr. at 12-27; Dkt. No. 9 at 1-9; Dkt. No.

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) (internal quotation marks and citation omitted).

15 at 3.)

## V. <u>Standard of Review</u>

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g) is well established and will not be repeated here.  For a

full discussion of the standard and the five-step process by which the

Commissioner evaluates whether a claimant is disabled under the Act, the

court refers the parties to its previous decision in *Christiana v. Comm'r of*

*Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-*3 (N.D.N.Y.

Mar. 19, 2008).

## IV. <u>Discussion</u>

First, Matthew challenges the ALJ's RFC determination arguing that

the ALJ improperly weighed the medical evidence in favor of "non-

examining source[s]" rather than treating sources.  (Dkt. No. 9 at 15-21.)

Specifically, Matthew asserts that the ALJ should have given greater

persuasiveness to the opinions of Dr. Lev Goldiner, Dr. Andrew Wight, and

Dr. Pierre Herard, as these were the treating or examining physicians, and

less persuasiveness to Dr. D. Brauer, who merely reviewed the medical

records. (*Id.* at 20)  Next, Matthew asserts that the ALJ committed legal

error by "cho[osing] not to consider supporting statements from [Matthew]'s

4

wife and physical therapist" because even though the statements in question "contain[] some language that runs afoul of 20 C[.]F[.] R[.] § 404.1520b(c), that does not allow the ALJ to disregard the[] entire statements." (Dkt. No. 9 at 13, 15.) Matthew also argues that the ALJ failed to fully credit his testimony. (Dkt. No. 9 at 21-24.) Specifically, asserting that the ALJ erred because "[n]o where in the regulations . . . is it required that a claimant's allegations regarding symptoms be 'fully' consistent with the objective evidence of record [as the ALJ allegedly required]."

With respect to the statements from Matthew's wife and Rosinski, the Commissioner contends that, because neither of them were acceptable medical sources, their opinions were not considered essential in determining Matthew's disability under 20 C.F.R. § 404.1520c. (Dkt. No. 15 at 11-12.) Additionally, the Commissioner argues that the contents of Matthew's wife and Rosinski's supporting letters are statements regarding issues reserved to the Commissioner, such as whether or not Matthew is able to work. (*Id.*) Finally, the Commissioner asserts that the ALJ properly discounted Matthew's subjective complaints, because they were inconsistent with the objective medical evidence and the ALJ has the

discretion to evaluate Matthew's subjective statements and to arrive at an

independent judgment, in light of medical findings and other evidence.

(Dkt. No. 15 at 12-16.)

**A.**   **Medical Opinions**

For claims filed after March 27, 2017, the "ALJ must articulate in his .

. . determination how persuasive he . . . finds all of the medical opinions."

*Daniel E. v. Kijakazi*, No. 6:20-CV-1270, 2022 WL 602533, at *4 (N.D.N.Y.

Mar. 1, 2022) (citing 20 C.F.R. § 416.920c(b), which parallels 20 C.F.R.   §

404.1520c.  In doing this, an ALJ will consider the following factors: (1)

"supportability"; (2) "consistency"; (3) "relationship with the claimant," which

includes the "length of the treatment relationship," the "frequency of

examinations," the "purpose" and "extent of the treatment relationship," and

the "examining relationship"; (4) "specialization"; and (5) any "other factors

that tend to support or contradict a medical opinion or prior administrative

medical finding."  20 C.F.R. § 404.1520c(a), (c).  An ALJ must "explain how

[he] considered the supportability and consistency factors" in his decision

and "may, but [is] not required to, explain how [he] considered the

[additional] factors."  20 C.F.R. § 404.1520c(b)(2).

The ALJ determined that Matthew has the RFC to perform sedentary

work with the following limitations:

> [He] cannot operate foot controls with his right lower extremity. [He] can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, and stairs. He can never climb ropes, ladders, or scaffolds. [He] can frequently reach, handle, finger and feel with his right upper extremity. [He] would need an option to stand for three minutes after every thirty minutes of sitting. He is able to remain on task while standing. [He] can balance on level surfaces while standing and walking, but never able to balance on narrow, slippery or erratically moving surfaces.

(Tr. at 15.)  In making his determination, the ALJ considered, among others, the medical opinions of Dr. Goldiner, Dr. Herard, Dr. Wight, and Dr. Brauer.  (*Id*. at 17-25.)  The ALJ did "not consider[]" the opinion of Rosinski. (Tr. at 25.)

With respect to Matthew's argument regarding the opinions of Dr. Goldiner, Dr. Herard, and Dr. Wight, the ALJ did not err.  The ALJ is not required to give special deference to a treating physician's opinion, but must determine the persuasiveness to accord the medical opinions in light of the factors enumerated in 20 C.F.R. § 404.1520c(c).

The ALJ fully reviewed and found Dr. Goldiner's opinion "not persuasive."  (Tr. at 24.)  In doing so the ALJ explained that Dr. Goldiner's opinion that Matthew had no ability to lift, carry, reach, handle, finger, or

feel with either his left or right upper extremity was inconsistent with the complete medical record and with Dr. Goldiner's own examinations of Matthew.  (Tr. at 24, 1043-44.)  Specifically, the complete medical record, including Matthew's own testimony, indicates that Matthew does not have severe limitations using his left hand.  (Tr. at 73).  Dr. Goldiner also stated that Matthew was "100 [percent] disabled," which the ALJ correctly notes is a legal determination that is reserved for the Commissioner.  (Tr. at 24, 1043-44); *see* 20 C.F.R. § 404.1520b(c)(3).  Accordingly, the ALJ's determination with respect to Dr. Goldiner was free from legal error and supported by substantial evidence.

The ALJ also fully reviewed and found Dr. Wight's opinion "not completely persuasive."  (Tr. at 24.)  In doing so the ALJ explained that Dr. Wight's opinion that Matthew can carry only five pounds or less and can only sit upright for one hour or less during an eight hour work day to be unsupported by the medical record because there was nothing that suggested Matthew had any limitations with lifting with his left arm, or could sit for less than an hour at the time.  (Tr. at 24, 1045-46.)  Additionally, the ALJ determined that Dr. Wight's conclusion that Matthew would be off-task fifty percent of the time in an eight-hour work day and that Matthew would

be absent from work more than four days per month to be too speculative and unsupported by the medical record.  (*Id*.)  Accordingly, the ALJ's determination with respect to Dr. Wight was free from legal error and supported by substantial evidence.  *See Melisa G. v. Berryhill*, No. 3:18-cv-508, 2019 WL 2502726, at *5 (N.D.N.Y. June 17, 2019) (finding that the ALJ porperly determined claimant's need for "off-task time" and absences too speculative).

As to Dr. Herard, a pain management specialist, the ALJ found his opinion "not completely persuasive."  (Tr. at 24-25.)  Dr. Herard opined that Matthew can lift and carry five pounds or less, can never climb, crouch, crawl, or stoop, and has severe limitations in his ability to handle, finger, and feel.  (Tr. at 698.)  Dr. Herard also estimated that the claimant would be off-task for at least fifty percent of an eight-hour workday and he would be absent from work about once a month.  (Tr. at 697-98.)  The ALJ explained that Dr. Herard's opinion was inconsistent with the complete record, which indicated Matthew did not have severe limitations with the use of his left hand and he could use his legs to climb stairs and ramps. (Tr. at 24, 73-74, 111-13.)  Additionally, the ALJ's explained that Dr. Herard's conclusion regarding Matthew's focus at, and potential absence

from work, to be too speculative and inconsistent with the medical record. (Tr. at 24-25); *See Melisa G.*, 2019 WL 2502726, at *5.  Accordingly, the ALJ's determination with respect to Dr. Herard was free from legal error and supported by substantial evidence.

In addition, the ALJ's determination to accord higher persuasiveness to Dr. Brauer, even though he was not a treating source, is also supported by substantial evidence.  The ALJ found Dr. Brauer's opinion "persuasive" because it was consistent with, and referenced the full medical record.  (Tr. at 23.)  Dr. Brauer reviewed the medical records and opined that Matthew can perform sedentary work with postural limitations.  (Tr. at 691-92.)  Dr. Brauer supported this conclusion with medical imaging showing disc herniation, exam notes that reflect Matthew had a normal gait, exam notes that indicate Matthew's medicine (medical marijuana and Butrans) have stabilized his condition, and statements from Matthew about his daily activities and hobbies.  (*Id.*)

Matthew is correct, however, that the ALJ erred in "not consider[ing]" Rosinki's opinion because she is "not an acceptable medical source."  (Tr. at 25.)  Pursuant to 20 C.F.R. § 404.1502(d) a medical source is "an individual who is licensed as a healthcare worker by a State and working

within the scope of practice permitted under State or Federal law."
Rosinski appears to meet these requirements.  *See Merri C. v. Comm'r of
Soc. Sec.*, No. 5:20-cv-752, 2021 WL 3848479, at *4 (N.D.N.Y. Aug. 27,
2021) (treating a physical therapist's opinion as a "medical source
statement"); *see also Card v. Berryhill*, No. 3:13-cv-1060, 2019 WL
4438322, at *4 (D. Conn. Sept. 16, 2019).  Because it is a medical opinion,
the ALJ was required to articulate how persuasive he found Rosinski's
opinion, specifically noting the supportability and consistency of the
opinion, pursuant to 20 C.F.R. § 404.1520c(b); *see Card*, 2019 WL
4438322, at *4.  Here, not only did the ALJ fail to articulate the
supportability and consistency factors of Rosinski's opinion, he appears to
have excluded it from consideration. (Tr. at 25.)  On remand, the ALJ
should revisit Rosinksi's opinion and articulate its persuasiveness.

**B.   Matthew's Wife's Statement**

In assessing a claimant's RFC, an ALJ must consider "all of the
relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  The
ALJ must "consider descriptions and observations of [the claimant's]
limitations from [their] impairment(s), including limitations that result from
[their] symptoms, such as pain, provided by [the claimant], [their] family,

neighbors, friends, or other persons."  *Id*.; *see* 20 C.F.R. § 404.1529(a), (c)(3).

The ALJ erred in declining to consider the statement from Matthew's wife.  In his decision, the ALJ acknowledged Matthew's wife's statement explaining that "[she is] not [an] acceptable medical source[] and [her] opinion[] [is] not considered essential for determining [Matthew's] disability."  (Tr. at 25.)  Although, as a nonmedical source, the ALJ was not required to articulate the persuasiveness of Matthew's wife's statement, he was still required to consider it.  *See*  20 C.F.R.          §§ 404.1520c(d), 404.1545(a)(3).  The court is not persuaded by the Commissioner's argument that the ALJ did not err in disregarding Matthew's wife's statement because it opined on issues reserved for the Commissioner. Although there are some portions of the statement that can be disregarded for this reason, the ALJ must still consider the portions that do not address issues reserved for the Commissioner.  (Tr. at 304.); *see* 20 C.F.R. § 404.1545(a)(3).  On remand, the ALJ should revisit the statement from Matthew's wife and consider her descriptions and observations of Matthew's limitations.

**C.    Consideration of Matthew's Subjective Complaints**

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted).  In performing this analysis, the ALJ must "consider all of the evidence in [the] record."  SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016).

Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R.  § 404.1529(c)(3)(i)-(vi) (other citation omitted)).

13

Matthew testified that he has frequent pain on the right side of his body, including his neck and back; he has three or four pinched nerves throughout his body; his nerve issues "don't let [him] do anything;" he has developed a skin condition due to the medication he takes for his nerves; some days he cannot move, stand for more than "a second," or sit upright; he cannot lift his right hand or hold it out in front of him; and he cannot drive.  (Tr. at 67-74.)  Matthew also testified that he can bend and kneel; he is able to shower on some days; and he can lift his left hand and hold it out in front of him.  (Tr. at 73-77.)  The ALJ expressly took these subjective complaints into account and found that Matthew's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Matthews's subjective statements about "the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. at 21.)

Given that the ALJ improperly declined to consider the opinion of Rosinski and the statement from Matthew's wife, both of which could support Matthew's credibility, the ALJ failed to "consider all of the evidence in [the] record."  SSR 16-3p, 2016 WL 1119029, at *2.  Accordingly, on

14

remand the ALJ should re-evaluate Matthew's credibility in light of this evidence.[3]

Because the errors identified above occurred at RFC step of the analysis, the court's attempt to meaningfully review the remainder of the ALJ's determination is thwarted by these errors and, thus, it would be improper for the court to review the remainder of the determination at this juncture.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Matthew's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

---

[3] Matthew contends that remand is appropriate because the ALJ did not use the correct standard in assessing Matthew's credibility, however, this argument is without merit.  The ALJ's determination that Matthew's testimony was not "fully consistent" with the other evidence, was simply a statement of the ALJ's findings, and was not, as Matthew contends, (Dkt. No. 9 at 21-22), an announcement of the standard for evaluating a claimant's testimony.

**ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 30, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge