**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW J. S.,**

          **Plaintiff,**　　　　　　　　6:20-cv-1606
　　　　　　　　　　　　　　　　　　　　　　　(GLS)
          **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**
_____

## SUMMARY ORDER

Pending are plaintiff Matthew J. S.'s motion for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA)[1] and his counsel's application for fees pursuant to 42 U.S.C § 406(b).  (Dkt. Nos. 18, 26.)  With respect to the EAJA motion, defendant Commissioner of Social Security argues that it should be denied because she was "substantially justified" in her defense of the denial of benefits.  (Dkt. No. 22 at 4-11.)  Alternatively, the Commissioner asserts that "counsel's timekeeping practices, including . . . failing to maintain contemporaneous time records, provide an independent basis for the [c]ourt to deny the

---

[1] *See* 28 U.S.C. § 2412.

1

EAJA petition." (*Id.* at 1, 11-14.)  For the reasons set forth below, the motion for attorney fees under the EAJA, (Dkt. No. 18), is granted, but the award is reduced to $4,386.  And the motion for fees under § 406(b), (Dkt. No. 26), is granted in the full amount of $18,164.25.

On December 23, 2020, Matthew commenced the present action, challenging the Commissioner's denial of disability insurance benefits. (Compl., Dkt. No. 1.)  On March 30, 2022, the court granted Matthew's motion for judgment on the pleadings, denied the Commissioner's motion for judgment on the pleadings, and reversed and remanded.  (Dkt. No. 16.)  Matthew now seeks a total of $5,905.66 in attorney's fees and costs pursuant to the EAJA, (Dkt. No. 21), and his counsel requests $18,164.25 under § 406(b), (Dkt. No. 26).

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The EAJA provides for the allowance of "reasonable" fees.  *See id.* § 2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours

2

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Manning v. Astrue*, No. 5:09-cv-88, 2011 WL 6842617, at *2 (N.D.N.Y. Dec. 29, 2011) (internal quotation marks and citation omitted).

The applicant has the burden of establishing to the court's satisfaction the reasonableness of the hours expended and rates charged. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983), *superseded in part by statute as recognized by Whitehead v. Colvin*, No. C15-5143RSM, 2016 WL 1464469, at *2 n.1 (W.D. Wash. Apr. 14, 2016). Regarding hours expended, "[d]istrict courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases." *Coughlin v. Astrue*, No. 06-cv-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009). With respect to the rate charged, § 2412(d)(2)(A) dictates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

In rare situations, equitable considerations make an award of attorney's fees under the EAJA unjust. *See United States v. 27.09 Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994). Additionally, where the

documentation of hours is inadequate, the district court may reduce the award accordingly. *See Hensley*, 461 U.S. at 433, 436-37. Applications for attorney's fees "should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Assoc. for Retarded Children v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983).

A plaintiff seeking attorney's fees under the EAJA bears the burden of demonstrating that he was the prevailing party and alleging that the Commissioner's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified. *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999). A "strong showing" is required to satisfy the Commissioner's burden. *See Envtl. Def. Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir. 1983).

In order to determine whether the Commissioner was "'substantially justified,' courts are to apply a standard of reasonableness." *Green v. Bowen*, 877 F.2d 204, 207 (2d Cir.1989) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563 (1988)). The substantial justification standard "should

not be read to raise a presumption that the [g]overnment['s] position was not substantially justified, simply because it lost the case," *Cohen v Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (citation omitted).  The standard "is a middle ground between the automatic awarding of fees to a prevailing party, and the allowance of a fee award only where the [Commissioner] is arbitrary and frivolous."  *Cohen*, 837 F.2d at 585 n.4 (internal quotation marks omitted).  The Commissioner's position "can be justified even though it is not correct, and . . . can be substantially . . . justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Pierce,* 487 U.S. at 566 n.2.

Section 406(b) of Title 42 of the United States Code authorizes a court to award reasonable attorneys' fees to a successful claimant's attorney, provided that those fees do not exceed 25% of the amount of past-due benefits awarded to the claimant.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir.1990).  "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case."  *Wells*, 907 F.2d at 371.  Section 406(b) does not

displace any contingent fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at 25% of the past-due benefits.  *See Gisbrecht*, 535 U.S. at 792-93.  Further, where fee awards are made under both § 406(b) and the EAJA, the claimant's attorney must refund the smaller amount to the claimant.  *See id.* at 796.

## A.   EAJA—Substantial Justification

Here, Matthew alleges that "[t]he government was [un]reasonable as it sought to justify the absolute failure to abide by the regulatory requirement to address pertinent evidence." (Dkt. No. 25 at 4.)  The Commissioner argues that the ALJ's "analysis and the Commissioner's defense . . . were factually and legally reasonable" insofar as it concerned the ALJ's consideration of the opinion of a physical therapist and Matthew's wife.  (Dkt. No. 22 at 1, 5-9.)[2]

As is pertinent to the ALJ's consideration of the opinion of the

---

[2] The Commissioner also contends that "[t]he [c]ourt's finding in the Commissioner's favor on [multiple] issues [in the court's Memorandum-Decision and Order] reveal that the Commissioner had a reasonable basis in fact and law to defend the ALJ's decision." (Dkt. No. 22 at 5.)  However, the Commissioner may have a reasonable basis to defend the ALJ's decisions on some issues, while being unreasonable in defending other positions.  *See Rachel C. v. Kijakazi*, No. 3:19-CV-0954, 2022 WL 2643582, at *3 (N.D.N.Y. July 8, 2022).

physical therapist, "[w]hen a medical source provides one or more medical opinions . . . [the ALJ] will consider those medical opinions . . . from that medical source . . . using the factors listed in paragraphs (c)(1) through (c)(5) of [20 C.F.R. § 404.1520c]."  20 C.F.R. § 404.1520c(a).  An opinion from a physical therapist is considered a medical opinion.  *See Merri C. v. Comm'r Soc. Sec.,* No. 5:20-cv-752, 2021 WL 3848479, at *4 (N.D.N.Y. Aug. 27, 2021).  An ALJ's decision must also evaluate any non-medical opinions of record, albeit not with the same specificity as medical opinions.   *See* 20 C.F.R. § 404.1545(a)(3).

The Commissioner's defense of the ALJ's decision not to consider evidence from Matthew's physical therapist was unreasonable.  The ALJ did not consider the physical therapist's opinion because, in his words, such professionals are "not acceptable medical sources."  (Tr.[3] at 25.)  The Commissioner contends that the ALJ's evaluation is supported by the regulations, as a physical therapist is not listed as an "acceptable medical source" in 20 C.F.R. § 404.1502(a).  (Dkt. No. 22 at 5-6.)  However, a physical therapist is still a medical source, as noted in the court's Memorandum-Decision and Order.  (Dkt. No. 16 at 10-11); *see* 20 C.F.R.

---

[3] Page references preceded by "Tr." are to the administrative transcript.  (Dkt. No. 8.)

7

§ 404.1502(d); *see also Merri C.*, 2021 WL 3848479, at *4.

The Commissioner's second contention, that the ALJ properly considered the evidence from Matthew's wife, is equally unpersuasive. (Dkt. No. 22 at 6-7.)  The ALJ acknowledged Matthew's wife's statement by explaining that she was "not [an] acceptable medical source[] and [her] opinion[] [was] not considered essential for determining [Matthew]'s disability."  (Tr. at 25.)  The Commissioner argues again that the ALJ's statement could be reasonably read to indicate that he considered Matthew's wife's statement and found it not persuasive, as opposed to this court's reading that the ALJ did not consider it at all.  (Dkt. No. 22 at 6-7.)  Indeed, it appears that the ALJ refused to consider the supporting statement from Matthew's wife at all because she was "not [an] acceptable medical source[]," as opposed to considering it and finding it unpersuasive, (Tr. at 25), which is impermissible under 20 C.F.R. § 404.1545a(3).  Accordingly, the Commissioner's position was not substantially justified.

**B.     EAJA—Reasonable Fee**

Having found that the Commissioner's position was not substantially justified, attorney fees should be awarded unless "special circumstances

8

make an award unjust." *See* 28 U.S.C. 2412(d)(1)(A). Matthew requests $5,905.66 in attorney fees for 27.4 hours of work, well within the normal range. (Dkt. No. 21); *see Coughlin*, 2009 WL 3165744, at *2. The Commissioner contends that no EAJA award is warranted because (1) the EAJA petition is not supported by contemporaneous time records and (2) the time sheet includes block entries that make it difficult for the court to assess the reasonableness of the hours expended.[4] (Dkt. No. 22 at 11-15.) Additionally, the Commissioner specifically doubts the reasonableness of requesting "compensation for 6.1 hours [in November and December 2020] leading up to the filing of the civil action, including four hours of pre-compliant time which included client communication." (Dkt. No. 22 at 13.) The hourly rates, which average approximately $215, are not in dispute, as they have been properly adjusted for cost of living. (Dkt. No. 18, Attach. 5.) For the reasons set forth below, Matthew is

---

[4] The Commissioner also notes that Matthew's "EAJA petition is littered with curious errors and inconsistencies[, which] in combination, cause a question to be raised as to what parts of the EAJA petition were meant to reflect work done for [Matthew] and what parts represented work done for another individual not related to this federal action." (Dkt. No. 22 at 4.) The court is willing to accept the occasional mistake, but agrees with the Commissioner that these errors cast doubt on Matthew's counsel's timekeeping practices. One significant error included a submitted affidavit and subsequent amended affidavit, both of which include a different claimant's name and case number in the document's heading. (Dkt. No. 18, Attach. 3 at 1-2; Dkt. No. 19 at 1-2).

awarded a reasonable fee of $4,386.

The court deems reasonable a total of 20.4 hours and an hourly rate of $215, which reflects the trimming of some fat and accounts for some questionable record keeping. While the shortcomings in the EAJA application would entitle the court to disallow attorney's fees entirely, *see N.Y. State Assoc. for Retarded Children*, 711 F.2d at 1154, such a result is not warranted here. However, the court expects that Matthew's counsel will be more meticulous in the future.

**C.    Section 406(b)**

Matthew has submitted a fee agreement, which memorializes that the fee will equal 25% of all past due benefits, which in this instance totals $18,164.25. (Dkt. No. 26, Attachs. 2, 3). The court finds no overreaching or fraud, nor would the award of 25% of the past due benefits amount to a windfall to counsel. *See Wells*, 907 F.2d at 372. Accordingly, the § 406(b) application is granted.

Accordingly, it is hereby

**ORDERED** that Matthew's motion for attorney fees pursuant to the EAJA (Dkt. No. 18) is **GRANTED**, but the award is reduced to $4,386; and it is further

**ORDERED** that the EAJA award be made payable directly to Matthew, not his attorney; and it is further

**ORDERED** that counsel's application for fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that § 406(b) fees are awarded to counsel in the amount of $18,164.25 and the Commissioner is directed to take the steps necessary to cause that amount to be made payable to counsel from the fund of withheld past-due benefits, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 11, 2023
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge